UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANKLIN D. HARRISON,

      Plaintiff,

v.

                                          Case No.:  2:26-cv-00143-SPC-DNF

YES CARE INC. *et al.*

      Defendants,

                                     /

**OPINION AND ORDER**

Before the Court is Plaintiff Franklin D. Harrison's Complaint (Doc. 1). Harrison is a pre-trial detainee in Charlotte County Jail.  He sues Charlotte County and medical contractor Yes Care under 42 U.S.C. § 1983, alleging he has not received constitutionally adequate medical care.  Harrison is proceeding *in forma pauperis*, so the Court must review the complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Federal Rules of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915.  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court

can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Municipalities can only be liable under § 1983 if "the alleged constitutional harm is the result of a custom or policy." *Brennan v. Headley*, 807 F. App'x 927, 937 (11th Cir. 2020); s*ee also Monell v. Dep't of Soc. Sec. Servs. of City of New York*, 436 U.S. 658 (1978).[1] Harrison's *Monell* claims are

---

[1] Yes Care is considered a municipality because it "performs a function traditionally within the exclusive prerogative of the state." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997).

insufficient because he "does not allege a pattern of similar constitutional violations" by the defendants' employees or otherwise establish that a custom or policy caused the alleged harm. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1328 (11th Cir. 2015).

To proceed with this case, Harrison must file an amended complaint that alleges facts to establish a custom or policy that caused him harm. Alternatively, Harrison can sue the individual officials who caused him harm, instead of Charlotte County and Yes Care. Also, an amended complaint must state Harrison's claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Accordingly, it is hereby **ORDERED**

1. Plaintiff Franklin D. Harrison's Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to send Harrison a civil-rights complaint form.

3. Harrison may file an amended complaint by April 20, 2026. Otherwise, the Court will enter judgment and close this case without further notice.

**DONE AND ORDERED** in Fort Myers, Florida on March 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record