UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANKLIN D. HARRISON,

     Plaintiff,

v.                                 Case No.:  2:26-cv-143-SPC-DNF

YESCARE, INC., et al.,

     Defendants.

                                  /

## OPINION AND ORDER

Before the Court is Plaintiff Franklin D. Harrison's Second Amended Complaint. (Doc. 8). Harrison—a pretrial detainee at the Charlotte County Jail—sues three defendants under 42 U.S.C. § 1983: YesCare, Inc., the Charlotte County Jail, and the Charlotte County Sheriff's Office. (*Id.* at 2-4). Soon after bringing this action, Harrison filed an Amended Complaint as of right, and he received permission to proceed *in forma pauperis*. (Docs. 3, 6). The Court screened the Amended Complaint under 28 U.S.C. § 1915(e)(2), found that it failed to state a claim, and gave Harrison a chance to amend. (Doc. 7). The Court now reviews Harrison's Second Amended Complaint, applying the same legal standards set out in the Opinion and Order dated March 30, 2026.

Harrison alleges that from December 2025 to the present, jail officials have provided inadequate medical care for his conditions. (Doc. 8 at 3-5). According to Harrison, he was denied "proper" medication for high blood pressure, seizures, and a tongue infection. (*Id.* at 4-5, 7, 13). Harrison also alleges that jail officials ignored his "bottom bunk pass," requiring him to sleep on a top bunk instead. (*Id.* at 13). Lastly, Harrison claims that the nurses do not "chang[e] their gloves after taking live blood samples." (*Id.* at 19).

Harrison fails to state a claim against any named defendant. Neither the Charlotte County Sheriff's Office nor the Charlotte County Jail is a proper defendant in a § 1983 action. *See Young v. Putnam Cnty. Sheriff's Off.*, No. 3:21-cv-946-BJD-PDB, 2021 WL 5015624, at *2 (M.D. Fla. Oct. 28, 2021) ("In Florida, a sheriff's office or jail facility may not be sued under § 1983." (collecting cases)); *Maldonado v. Baker Cnty. Sheriff's Off.*, 513 F. Supp. 3d 1339, 1348 (M.D. Fla. 2021) ("[A] sheriff's office, jail, or detention center is not an entity subject to suit under Florida law.").

Harrison also sues YesCare, the jail's medical provider, but he fails to state a claim against it. YesCare is considered a municipality because it "performs a function traditionally within the exclusive prerogative of the state." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). As the Court previously explained to Harrison, (Doc. 7 at 2), municipalities can only be liable under § 1983 if "the alleged constitutional harm is the result of a custom or

policy," *Brennan v. Headley*, 807 F. App'x 927, 937 (11th Cir. 2020). "A policy is a decision that is officially adopted by the [entity], or created by an official of such rank that he or she could be said to be acting on behalf of the [entity]." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). "A custom is a practice that is so settled and permanent that it takes on the force of law." *Id.*

Like the Amended Complaint, the Second Amended Complaint fails to allege facts showing that YesCare "advanced a policy or custom of deliberate indifference that led to the violation of [Harrison's] constitutional right." *Ireland v. Prummell*, 53 F.4th 1274, 1289 (11th Cir. 2022) (cleaned up). Harrison identifies no policy or custom concerning medical care at the jail. Instead, he recounts his personal experience with the facility's medical officials. But "merely citing one's own personal experience, without more, is insufficient to show a longstanding and widespread practice." *Haspel v. Centurion of Fla.*, No. 5:23-cv-83-MCR-MJF, 2025 WL 4036972, at *5 (N.D. Fla. Oct. 7, 2025), *adopted by* 2026 WL 95871 (N.D. Fla. Jan. 13, 2026). Thus, Harrison fails to state a claim against YesCare.

The Court gave Harrison an opportunity to correct the deficiencies in his pleading and provided specific instructions on how to do so. (Doc. 7 at 2-3). Harrison's Second Amended Complaint remains deficient. The Court finds that a third amended complaint would be futile.

Accordingly, it is

**ORDERED:**

1. Plaintiff Franklin D. Harrison's Second Amended Complaint (Doc. 8) is **DISMISSED without prejudice for failure to state a claim**.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: TpaP-2
Copies: All Parties of Record

4